IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HADYA TOKHI RAHIMI,<br>     also known as, "Dia,"<br><br>*Defendant*. | **UNDER SEAL**<br><br>Case No. 1:21-MJ-382 |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Stephen Carter, being duly sworn, depose and state the following:

**INTRODUCTION**

1.     This affidavit is submitted in support of a criminal complaint and arrest warrant charging HADYA TOKHI RAHIMI, also known as "Dia," with distribution of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly referred to as fentanyl, a Schedule II controlled substance, within one thousand feet of a public elementary school, in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a).

2.     I am a Detective with the Fairfax County Police Department where I have been employed for 13 years. I currently am assigned to the Street Crimes Unit. I have received formal training from the Fairfax County Public Safety Academy and the Department of Criminal Justice Services in drug and narcotics identification, drug and narcotics investigations, drug and narcotic laws, enforcement of those laws, street-level narcotics interdiction, and drug test kit certifications.

3.      As a narcotics investigator, I have testified at trial, grand jury proceedings, and preliminary hearings in Circuit and General District Court of the County of Fairfax. I have gained knowledge in the use of various investigative techniques, including the utilization of physical surveillance, undercover agents, confidential informants, cooperating witnesses, the controlled purchases of illegal narcotics, electronic surveillance, consensually monitored recordings, investigative interviews, financial investigations, the service of administrative and grand jury subpoenas, and the execution of search and arrest warrants. I am responsible specifically for the enforcement of the statutes of the Virginia Code pertaining to the possession and distribution of narcotics and controlled dangerous substances as well as federal drug trafficking laws under Title 21 of the United States Code. Through my training and experience, I am familiar with the methods used by traffickers of controlled substances and the nature and appearance of illegal narcotics.

4.      The facts and information contained in this affidavit are based upon my training and experience, participation in this and other investigations, personal knowledge, and observations during the course of this investigation, as well as the observations of other individuals involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of the records, documents, and other physical evidence obtained during the course of the investigation. This affidavit is meant to convey information necessary to support probable cause for the requested complaint and arrest warrant and is not intended to include each and every fact observed by me or known to the government. The inferences and conclusions I draw from the evidence included in this affidavit are what I believe based on my training, experience, and knowledge of the investigation.

## PROBABLE CAUSE

5.      On or about March 18, 2021, Fairfax County Police Department, through a confidential informant ("CI-1"), arranged a drug transaction with HADYA TOKHI RAHIMI ("RAHIMI"). RAHIMI agreed to sell CI-1 80 Percocet tablets in exchange for $2,000.

6.      RAHIMI and CI-1 agreed to meet at Springfield Plaza in Fairfax County, within the Eastern District of Virginia, to conduct the transaction.

7.      In the afternoon of March 18, an undercover law enforcement officer drove CI-1 to Springfield Plaza and parked in front of Potbelly Sandwich Shop. CI-1 then called RAHIMI to inform her of CI-1's arrival. Shortly thereafter, RAHIMI exited a Vietnamese restaurant a few doors down from Potbelly Sandwich Shop and approached the vehicle occupied by CI-1 and the undercover officer. RAHIMI entered the back seat of the vehicle.

8.      Once inside the vehicle, RAHIMI conducted a hand-to-hand transaction in which she gave the undercover officer approximately 80 tablets marked with "M" and "30" in exchange for $2,000. The location of the transaction occurred within 1,000 feet of the real property of Garfield Elementary School.

9.      Immediately after the transaction, RAHIMI was arrested by the Fairfax County Police Department. At that time, law enforcement entered the Vietnamese restaurant where RAHIMI had been prior to the transaction. Law enforcement identified an individual, Witness One ("W-1"), who advised that he was RAHIMI's friend and confirmed that a purse at the table belonged to RAHIMI. A search of the property revealed a small clear bottle containing approximately 15 tablets marked with "M" and "30."

10.     After receiving a *Miranda* warning, RAHIMI admitted to selling 80 Percocet tablets for $2,000. RAHIMI stated that she bought the Percocet for $1,000 and was going to profit $1,000 from the sale to CI-1. RAHIMI said that W-1 was RAHIMI's ride to the restaurant and did

not know about the drug deal. RAHIMI stated that the tablets found in her purse were supposed to be part of the deal with CI-1 but RAHIMI forgot.

11. I submitted the 80 tablets from the March 18 transaction to the Commonwealth of Virginia Department of Forensic Science for testing. I also submitted the plastic container of 15 tablets from RAHIMI's purse for testing. The lab results revealed that the tablets contained fentanyl.

## CONCLUSION

12. Based on the facts set forth above, I respectfully submit there is probable cause to believe that on or about March 18, 2021, in the Eastern District of Virginia, HADYA TOKHI RAHMI distributed a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly referred to as fentanyl, a Schedule II controlled substance, within one thousand feet of a public elementary school, in violation of Title 21, United States Code, Sections 841(a)(1) and 860(a).

_____
Stephen Carter
Detective
Fairfax County Police Department

Subscribed and sworn to in accordance with Fed. R. Crim. P. 4.1
by telephone on November 23, 2021.

_____
The Honorable Theresa Carroll Buchanan
United States Magistrate Judge